# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL JOHNSON,** | : | CIVIL ACTION NO. 1:09-CV-02257 |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **DAVID A. VARANO,** *et al.*, | : | |
| Respondents | : | |

## ORDER

AND NOW, this 4th day of February, 2010, upon consideration of the report of the magistrate judge (Doc. 9) recommending that the petition (Doc. 1) for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed because petitioner failed to adequately exhaust his state remedies, and because petitioner's claims are without merit, and, following an independent review of the record, it appearing that petitioner has not presented his claims for state administrative review or to the state courts, and that petitioner's challenge to the discretionary determinations of the Pennsylvania Parole Board is meritless,[1] and it further appearing that neither party has objected to the

---

[1] Petitioner challenges the constitutionality of the Parole Board's practice of forfeiting a prisoner's credit for time served on parole when a prisoner violates his or her parole conditions. Pennsylvania's parole statutes have been consistently upheld as constitutional in the face of such challenges. See, e.g., Lawson v. Cavell, 425 F.2d 1350, 1352 (3d. Cir. 1970) (rejecting Eight Amendment and due process challenges when sentence was extended past original maximum date due to forfeiture of time credited while paroled); Choice v. Pa. Bd. of Parole, 448 F. Supp. 294, 298 (M.D. Pa. 1977) (rejecting Fifth and Fourteenth Amendment challenges to forfeiture of "street time" credit).

magistrate judge's report and recommendation,[2] and that there is no clear error on the face of the record,[3] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 9) is ADOPTED.

2. The petition (Doc. 1) for habeas corpus is DISMISSED.

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Objections were due by January 18, 2010. As of the date of this order, none have been filed. Petitioner filed a traverse (Doc. 10) in response to respondent's answer on January 6, 2010. Petitioner's traverse is not a response to the magistrate judge's report, and raises no issues that were not addressed and answered in the report and recommendation.

[3] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.